IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Cedric L. Woods,<br><br>    Petitioner,<br><br>vs.<br><br>William Langdon,<br><br>    Respondent. | Civil Action No. 9:23-cv-06377-TMC<br><br>**ORDER** |

  Petitioner Cedric Woods, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), finding the petition is successive and that the Fourth Circuit Court of Appeals did not give Petitioner permission to file it. (ECF No. 11). Accordingly, the magistrate judge recommended the petition be dismissed without prejudice and without requiring the respondent to file a return. *Id*. Petitioner filed objections to the Report, (ECF No. 14), and this matter is ripe for review.

## STANDARD OF REVIEW

  The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

---

[1] Petitioner also filed a letter requesting a copy of the civil rights complaint form. (ECF No. 8 at 2).

1

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that

"'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

By way of background, in 2023, Petitioner filed multiple motions in the Supreme Court of South Carolina under South Carolina Appellate Court Rule 245, claiming the State lacked subject matter jurisdiction to sentence him and asking the Court to dismiss his conviction and release him. (ECF No. 1-2 at 6-36). In those motions, he argued, among other things, that his sentence and conviction should be dismissed for lack of subject matter jurisdiction because the indictment was amended at trial to add an additional aggravating factor that was not presented to the grand jury. *Id*. at 21-35.

After the Court denied the motions, (ECF No. 1-2 at 1-3), Petitioner filed the present § 2254 petition in this court, (ECF No. 1). Therein, he raises one ground for relief, stating simply: "Rule 245, subject matter jurisdiction." *Id*. at 5. As supporting facts, he provides: "motion deny." *Id*. As relief, he seeks to be released from custody. *Id*. at 15.

The magistrate judge determined this action should be summarily dismissed as it is a successive § 2254 petition. (ECF No. 11 at 3). In doing so, she explained: "Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or [a 28 U.S.C.] § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *Id*. (quoting *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). The magistrate judge further explained, that, "[f]or a petition to qualify as 'successive,' a prior petition must have been adjudicated on the merits." *Id*. Since Petitioner's first § 2254 petition

3

challenged the same convictions and sentences and was decided on the merits,[2] she determined this action should be summarily dismissed because it is successive, and Petitioner has not received the Fourth Circuit Court of Appeals' permission to file it. *Id*. at 4. She continued, noting that, even to the extent Petitioner may be attempting to assert a claim relying on a new rule of constitutional law or evidence, the Fourth Circuit must still grant Petitioner permission to file the petition. *Id*.

In his objections, Petitioner does not dispute the magistrate judge's finding that his petition is successive. (ECF No. 14). He also does not dispute that he did not get the Fourth Circuit Court of Appeals' permission to file his petition. Instead, liberally construing his brief objections, he simply reiterates that he has not raised his current constitutional arguments in his prior petitions. *Id*. at 2. However, as the magistrate judge explained, Petitioner must still obtain the Fourth Circuit's permission to file a § 2254 petition raising new constitutional arguments. He has not done so; therefore, this action is dismissed without prejudice and without requiring the respondent to file a return.[3]

## CONCLUSION

Thus, having thoroughly reviewed the Report and the record under the appropriate standards, the court **ADOPTS** the magistrate judge's recommendation in the Report, (ECF No.

---

[2] *Woods v. Pate*, No. 3:11-cv-1353-JMC, dkt. entry 33 (D.S.C. Aug. 29, 2012) (granting the respondent's motion for summary judgment and dismissing Petitioner's petition).

[3] It appears Petitioner recognized he needed the circuit court of appeals' permission to file the present petition as, following the issuance of the Report, the court received an order from the Fourth Circuit Court of Appeals denying Petitioner's motion under § 2244 for an order authorizing the district court to consider a second or successive application for relief under § 2254. (ECF No. 17).

11). The petition for a writ of habeas corpus, (ECF No. 1), is **DISMISSED** without prejudice and without requiring the respondent to file a return.[4]

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
December 19, 2024

### NOTICE OF RIGHT TO APPEAL[5]

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] As noted herein, Petitioner has requested the court send him documents for filing a case pursuant to § 1983. The court hereby directs that the Clerk's Office mail Petitioner such forms.

[5] When a § 2254 petition is dismissed on jurisdictional grounds for failure to seek permission pursuant to § 2244(b)(3), there is no requirement that the petitioner must obtain a certificate of appealability prior to filing an appeal. *See Justice v. Clarke*, 811 Fed. App'x 867, 868 (4th Cir. July 10, 2020) (denying as "unnecessary" a motion for a certificate of appealability where the petition was dismissed as a successive petition on jurisdictional grounds).